KEVIN DIAMOND, ESQ.
Nevada Bar No. 4967
THORNDAL ARMSTRONG DELK
 BALKENBUSH & EISINGER
1100 East Bridger Avenue
Las Vegas, NV 89101
Tel: (702) 366-0622
Fax: (702) 366-0327
krd@thorndal.com

*Attorneys for Defendants, DGL Group, Ltd.*
*and Amazon.Com Services, LLC*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEVADA

JASON HART,

        Plaintiff,

vs.

DGL GROUP, LTD, AMAZON.COM Services, LLC, ROE CORPORATIONS I through X, inclusive

        Defendant.

CASE NO.

[formerly Eighth Judicial District Court Clark County, Nevada Case No. A-22-855716-C]

**PETITION FOR AND NOTICE OF REMOVAL**

    **NOW COMES** Defendant, DGL Group, Ltd, by its attorneys, Thorndal Armstrong Delk Balkenbush & Eisinger and McCoy Leavitt Laskey LLC, pursuant to 28 U.S.C. §§ 1332(a), 1441(a-b), and 1446, and hereby give notice of removal of the above-captioned action from the Eighth Judicial District Court of Clark County Nevada to the United States District Court for the District of Nevada. In support of removal, Defendant alleges and shows to the Court as follows:

**I.    STATEMENT OF THE CASE**

    1.    This matter was commenced by Complaint filed July 20, 2022 in the Eighth Judicial District Court, Clark County Nevada, captioned *Jason Hart v. DGL Group, Amazon.com Services LLC and ROE Corporations I through X, inclusive,* Case No. A-22-855716-C.

    2.    A true and correct copy of the above-referenced Complaint is attached hereto as Exhibit "A".

    3.    This is a civil action in which the Plaintiff was allegedly injured while utilizing a hoverboard.

4.      Plaintiff alleges that his personal injuries are the result of a defective hoverboard and asserts the following claims: (1) strict products liability; (2) negligence: defective products; and (3) breach of implied warranty of merchantability.

5.      The Plaintiff seeks damages in the amount of $250,000.00, plus costs. See Exhibit "B".

## II.    REMOVAL IS TIMELY

6.      Pursuant to 28 U.S.C. § 1446(b), "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter."

7.      Defendant DGL Group, LTD. accepted service at its Edison, New Jersey headquarters on August 17, 2022.

8.      Removal is therefore timely in accordance with 28 U.S.C. § 1446(b).

## III.   CONSENT TO REMOVAL

9.      This Notice of Removal is proper under 28 U.S.C. § 1446.

10.     28 U.S.C. § 1446(b)(2)(A) states, "When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action."

11.     This is commonly referred to as the "rule of unanimity."

12.     However, "[a]n exception to the rule of unanimity applies where less than all defendants have been served at the time of removal. In such a case, for removal to be proper, it is held that only the defendants served at the time of removal need join, or consent to, the notice of removal." *Wolfe v Green,* 660 F. Supp. 2d 738 (S.D. W.Va. 2009).

13.     Further, "[a] Notice of Removal filed by less than all defendants 'is considered defective if it does not contain an explanation for the non-joinder of those defendants.'" *Klein v.*

1   *Manor Helathcare Corp.,* 19 F.3d 1433 n. 8 (6th Circ. 1994) (*quoting Hicks v Emery Worldwide,*

2   *Inc.,* 254 F. Supp. 2d 968, 972-73 (S.D. Ohio 2003)).

3       14.    As of the date of this Notice of Removal, the above-named Defendant ROE

4   Corporations I through X, inclusive, has not been served and therefore cannot consent to this

5   Notice of Removal.

6       15.    Proof of service was issued to defendant, Amazon.com Services LLC on August 3,

7   2022.

8       16.    Counsel for Defendant, Amazon.com Services LLC, attorneys Alletta Brenner and

9   Alexander Najarian along with the law offices of Thorndal Armstrong Delk Balkenbush &

10  Eisinger and McCoy Leavitt Laskey LLC, through attorney Kevin Diamond, consented to this

11  removal by telephone conference on September 6, 2022.

12      17.    Based on 28 U.S.C. §1446(b)(2)(A), and relevant case law, this Notice of Removal

13  is valid.

14  **IV.    BASIS FOR REMOVAL – ORIGINAL JURISDICTION**

15      **a.  COMPLETE DIVERSITY**

16      18.    The United States District Court has original jurisdiction over this litigation filed

17  in state court pursuant to 28 U.S.C. §§ 1332(a)(1) and 1441 because diversity of parties exists.

18      19.    28 U.S.C. § 1332(a)(1) states "The district courts *shall* have original jurisdiction of

19  all civil actions where the matter in controversy . . . is between citizens of different states . . . ."

20  (emphasis added).

21      20.    "[A] corporation shall be deemed to be a citizen of every State and foreign state by

22  which it has been incorporated and of the State or foreign state where it has its principal place of

23  business . . . ." See U.S.C. § 1332(c)(1).

24      21.    DGL Group, LTD. is a New York Corporation with its principal place of business

25  in Edison, New Jersey. Therefore, DGL Group, LTD is a citizen of New Jersey.

26      22.    Amazon.com Services LLC is a Delaware Corporation with its principal place of

27  business in Seattle, Washington. Furthermore, the sole member of Amazon.com Services LLC is

28

1   Amazon.com Sales, Inc., which is a Delaware Corporation with its principal place of business in

2   Washington. Therefore, Amazon,com Services LLC is a citizen of Delaware.

3        23.    Upon information and belief plaintiff, Jason Hart, is an adult resident residing is

4   Las Vegas, Nevada. *See* Complaint ¶ 1

5        24.    28 U.S.C. §1442(b)(1) states, "[i]n determining whether a civil action is removable

6   on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued

7   under fictitious names shall be disregarded.

8        25.    Because DGL Group, LTD and Amazon.com Services LLC are not citizens of the

9   same state, and neither is a citizen of the same state with plaintiff, there is complete diversity

10   between plaintiff and defendants.

11       **b.   AMOUNT IN CONTROVERSY EXCEEDS $75,000.00**

12        26.    Federal courts "have original jurisdiction of all civil actions where the matter in

13   controversy exceeds the sum or value of $75,000, exclusive of interest and costs . . . ." *See* 28

14   U.S.C. § 1332(a).

15        27.    Plaintiff claims that, as a result of the subject incident on or about July 25, 2020  he

16   sustained "a right ankle fracture of the distal fibula, which necessitated emergency open reduction

17   and internal fixation surgery ... including a steel plate containing screws to secure the bone." See

18   Complaint ¶ 21.

19        28.    Plaintiff's Complaint further alleges that he sustained "[o]ther injuries include[ing]

20   abrasions, difficulty walking, swelling, bruising, sharp shooting pains, burning sensations, and

21   hardware pins." See Complaint ¶ 22.

22        29.    As a result of plaintiff's alleged injury, he alleges he "continues to suffer from pain

23   in his right foot, muscle spasms, dull aches and pains, sharp shooting pains, and he has a limited

24   range of motion." See Complaint ¶ 23.

25        30.    Plaintiff's Complaint alleges he "incurred medical, hospital, and other related

26   expenses ... including loss of wage, both past, present, and future ... and that he sustained

27   "emotional distress, pain and suffering" as a result of his injury.  See Complaint ¶¶ 86-88. *See also*

28   Exhibit C - Plaintiff's Itemization of Medical Expenses.

31.     Plaintiff demanded $250,000 for his alleged medical special damages, wage loss, emotional distress, and future medical special damages. *See* Exhibit B.

32.     Therefore, pursuant to 28 U.S.C. 1332(a) and 1332(a)(1) this Honorable Court has jurisdiction over this action because it is a civil action under which complete diversity of citizenship exists between plaintiff and defendants and more than $75,000 is at stake

**V.     VENUE**

33.     28 U.S.C. § 1441(a) reads, "Except as otherwise expressly provided by Act of Congress, any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

34.     Since this Honorable Court has original jurisdiction over this matter, and the Eighth Judicial District Court of Clark County Nevada sits in this Honorable Court's jurisdiction, venue in the United States District Court for the District of Nevada is appropriate under 28 U.S.C. § 1441(a).

**VI.    FULL COMPLIANCE**

35.     Pursuant to 28 U.S.C. § 1446(d), defendant, DGL Group, LTD, is filing this Notice of Removal with the clerk for the state court in which the State Court Action was originally filed. Copies of the Notice to the Eighth Judicial District Court of Clark County Nevada, together with this Notice of Removal with exhibits, are being served upon all parties through their attorneys of record pursuant to 28 U.S.C. § 1446(d).

36.     Copies of all pleadings, process, and order in the state court lawsuit are attached hereto as Exhibit C.

///
///
///
///
///

1      **WHEREFORE,** defendant, DGL Group, Ltd. hereby removes the above-captioned action

2  now pending against it in the Eighth Judicial District Court of Clark County Nevada to the United

3  States District Court for the District of Nevada to assume full jurisdiction over this action as

4  provided by law.

                                       Respectfully submitted,

                                       **THORNDAL ARMSTRONG DELK**
                                     **BALKENBUSH & EISINGER**
                                     Attorneys for the Defendants

Dated: September 7th, 2022      By:_____
                                    Kevin Diamond     SBN  4967
                                    1100 E. Bridger Avenue
                                    Las Vegas, NV 89101
                                    Telephone:   (702) 366-0622
                                    Facsimile:   (702) 366-0327
                                    kdiamond@thorndal.com

1

2

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 7th day of September 2022, service of the above and

foregoing **PETITION FOR AND NOTICE OF REMOVAL** was made upon each of the

parties via electronic service through the through the United States District Court E-File and

Serve system and U.S. Mail and E-Mail.

Alexander Smith, Esq.
Nevada Bar No. 15484
GERALD I. GILLOCK & ASSOCIATES
428 South Fourth Street
Las Vegas, Nevada 89101
asmith@gmk-law.com

An Employee of THORNDAL ARMSTRONG
DELK BALKENBUSH & EISINGER



THORNDAL
ARMSTRONG
DELK BALKENBUSH & EISINGER

A PROFESSIONAL CORPORATION
A T T O R N E Y S
www.thorndal.com

# EXHIBIT A

Electronically Filed
7/20/2022 3:28 PM
Steven D. Grierson
CLERK OF THE COURT

1   GERALD I. GILLOCK, ESQ.
    Nevada Bar No. 51
2   ALEXANDER SMITH, ESQ.
    Nevada Bar No. 15484
3   **GERALD I. GILLOCK & ASSOCIATES**
    428 South Fourth Street
4   Las Vegas, NV 89101
    Telephone: (702) 385-1482
5   Facsimile:  (702) 385-2604
6   gillock@gmk-law.com
7   asmith@gmk-law.com

8   TIMOTHY R. O'REILLY, ESQ.
    Nevada Bar No. 8866
9   **TIMOTHY O'REILLY, CHTD.**
    325 S. Maryland Parkway
10  Las Vegas, Nevada 89101
    Telephone: (702) 382-2500
11  Facsimile: (702) 384-6266
    E-Mail: efile@oreillylawgroup.com
12
13  SAMUEL MIREJOVSKY, ESQ.
    Nevada Bar No. 13919
14  ASHLEY M. WATKINS, ESQ.
    Nevada Bar No. 13981
15  **SAM & ASH, LLP**
    1108 S. Casino Center
16  Las Vegas, Nevada  89104
    Telephone: (702) 820-4000
17  Facsimile: (702) 820-4444

18  *Attorneys for Plaintiffs*
19

CASE NO: A-22-855716-C
Department 4

20              **EIGHTH JUDICIAL DISTRICT COURT**
                     **CLARK COUNTY, NEVADA**
21

22  JASON HART,                          | CASE NO.:
                        Plaintiff,       | DEPT. NO.:
23  vs.
24  DGL GROUP LTD., a New Jersey         | **COMPLAINT FOR STRICT PRODUCTS**
    Corporation; AMAZON.COM SERVICES     | **LIABILITY, NEGLIGENCE, AND**
25  LLC, a Delaware Corporation; and ROE | **BREACH OF WARRANTY**
    CORPORATIONS I through X, inclusive,
26                                       | **JURY TRIAL DEMANDED**
27                      Defendants.
28

1

Def Exhibit A

GERALD I. GILLOCK & ASSOCIATES
428 South 4th Street
Las Vegas, Nevada 89101

GERALD I. GILLOCK & ASSOCIATES
428 South 4ᵗʰ Street
Las Vegas, Nevada 89101

## COMPLAINT FOR STRICT PRODUCTS LIABILITY, NEGLIGENCE, AND BREACH OF WARRANTY

Plaintiff, JASON HART ("Mr. Hart"), by and through his attorneys of record, GERALD I. GILLOCK & ASSOCIATES; TIMOTHY O'REILLY, CHTD.; and SAM & ASH, LLP, allege and complain as follows:

## PARTIES AND JURISDICTION

1.     On July 25, 2020, in Clark County, Nevada, Mr. Hart suffered serious bodily injury due to a defect in a product that upon information and belief was (i) distributed by DGL GROUP LTD. ("DGL") and (ii) distributed and sold by AMAZON.COM SERVICES LLC ("Amazon"). Over the period encompassed by this action, Mr. Hart resided in Clark County, Nevada, and remains a resident of the same county.

2.     Upon information and belief, over the period encompassed by this action, Defendant DGL, a New Jersey corporation, engaged in the distribution and sale of a product known as a "hoverboard."

3.     Upon information and belief, DGL distributed its hoverboards—which were manufactured in the People's Republic of China—throughout the United States, including via Amazon, who both distributed and sold DGL's product.

4.     Amazon is a foreign corporation that over the period encompassed by this action was, and remains, authorized to conduct business in the State of Nevada.

5.     Upon information and belief, for the acts complained of over the period encompassed by this action fictitious Defendants ROES I through X ("Roe Defendants") are liable for injury incurred by Mr. Hart because of a manufacturing defect inherent in the hoverboard purchased by Mr. Hart from Amazon on July 17, 2020.

2

6.      Over the period encompassed by this action, fictitious Defendants Roe Defendants were corporations, firms, and the like, who were engaged in the business of distributing and selling the defective hoverboard that injured Mr. Hart. The latter is currently unaware of the true names, identities, or capacities, whether individual, corporate, associate, or otherwise of Roe Defendants and is unaware whether any of those entities still conduct business; thus, Plaintiffs sue Roe Defendants by fictitious names.

7.      Mr. Hart is informed and believes and therefore alleges that each Roe Defendant is responsible legally to some degree, both jointly and severally as to strict products liability, for the injury and damage caused by the defective hoverboard. When the identities and capacities of the above become known to Mr. Hart, he will move to amend the Complaint to identify the unnamed Roe Defendants and add specific allegations and claims relevant to each individually accused.

8.      Venue is proper in the Eighth Judicial District Court, which exercises jurisdiction over the parties and the causes of action.

9.      By introducing the hoverboard into the stream of commerce and by supplying them to Amazon and directly to the public, DGL has purposefully availed itself of the privilege of selling its products, specifically its hoverboards, within the State of Nevada; thus, the Nevada courts can exercise jurisdiction over DGL.

10.     Likewise, Amazon, a foreign corporation registered in Nevada and which sells extensively across the entire United States, has distributed, sold, or otherwise placed its products, namely the hoverboard, into the stream of commerce; thus, the Nevada courts can exercise jurisdiction over Amazon.

11.     Amazon's forum selection clause, waiver of right to trial by jury, and requirement to resolve disputes via arbitration are unlawful under general principles of contract law and public

GERALD I. GILLOCK & ASSOCIATES
428 South 4ᵗʰ Street
Las Vegas, Nevada 89101

3

1  policy, as are any clauses that limit liability for personal injury caused by a product that Amazon has

2  sold.

3  **GENERAL ALLEGATIONS**

4      12.    On July 17, 2020, Mr. Hart's wife used her own debit card connected to a joint account

5

6  that she shares with her husband placed an order with Amazon for a new "Hover-1 H1 Hoverboard

7  Electric Scooter." The order was shipped on July 21, 2020, and arrived at the Hart household shortly

8  after.

9      13.    On July 25, 2020, between the hours of 4:00 p.m. and 5:00 p.m Mr. Hart rode the

10

11  hoverboard approximately 100 yards from his house, up his street, to where the mailboxes are located

12  communally.

13      14.    A hoverboard is a motorized personal vehicle consisting of a platform for the feet

14  mounted on two wheels and controlled by the way the rider distributes their weight.

15      15.    On the date of the accident, visibility was unlimited. The temperature was 104f, which

16  is within the manufacturer's recommended operating range.

17

18      16.    The street down which Mr. Hart traveled was paved. No other vehicular traffic was

19  present and the environment could be described as quiet.

20      17.    Without incident, Mr. Hart pulled up in front of the mailboxes, slowed down, and

21  came to a stop.

22

23      18.    On flat ground and in accord with the instructions in the user manual, Mr. Hart lifted

24  his left foot off the hoverboard and placed it on the ground.

25      19.    While still bearing weight on his right foot, which remained on the hoverboard, the

26  hoverboard without warning rotated violently clockwise.

27  ///

28

GERALD I. GILLOCK & ASSOCIATES
428 South 4th Street
Las Vegas, Nevada 89101

4

GERALD I. GILLOCK & ASSOCIATES
428 South 4th Street
Las Vegas, Nevada 89101

20. Mr. Hart's right foot remained stationary on the hoverboard but rotated through approximately ninety degrees, which caused him to fall and land on his elbows and arms.

21. Mr. Hart suffered an ankle fracture. Specifically, his injuries included a right ankle fracture of the distal fibula, which necessitated emergency open reduction and internal fixation surgery. Surgeons inserted a steel plate containing screws to secure the bone.

22. Other injuries included abrasions, difficulty walking, swelling, bruising, sharp shooting pains, burning sensations, and hardware pains.

23. In addition to the injuries and symptoms described above, Mr. Hart continues to suffer from pain in his right foot, muscle spasms, dull aches and pains, sharp shooting pains, and he has a limited range of motion.

24. Mr. Hart now cannot walk long distances. He moved his family to Nevada from St. Louis some three years ago—one of the reasons for the move was so that his family could have more of an outdoor-type lifestyle, and they wished to take advantage of the regional and of Nevada's numerous opportunities for outdoor adventures.

25. Mr. Hart's daughter especially enjoys outdoor activities, a major reason for the move and change in lifestyle, but due to the injury sustained from the accident, Mr. Hart now struggled with any hiking trips.

26. Mr. Hart has purchased two identical hoverboards. He has read the manuals twice and also practiced on the hoverboard within his house so that he could familiarize himself with, and become comfortable using in a safe manner, the hoverboard.

27. Mr. Hart was proficient in the safe use of the hoverboard; he possesses a video of himself practicing on the hoverboard.

28. Mr. Hart followed the instructions within the user manual.

5

GERALD I. GILLOCK & ASSOCIATES
428 South 4ᵗʰ Street
Las Vegas, Nevada 89101

29.     At the time of the incident, Hart wore closed-toe sneakers, which ensured a good and stable grip on the device. No recommended safety equipment advised in the user manual, namely a helmet and elbow and knee pads, would have prevented or mitigated the harm that Mr. Hart suffered.

30.     Mr. Hart was not under the influence of any drugs or alcohol at the time he suffered injury.

31.     The hoverboard was never dropped or damaged in any way. In fact, it malfunctioned only days after purchase.

32.     Mr. Hart has no prior head, back, or neck ailments, and he has had no surgery on those areas. The only surgery he has had was a deviated septum repair years before the incident.

33.     Before riding, Mr. Hart thoroughly inspected the hoverboard before riding. He checked that the wheels were clean, unobstructed, and free, and he also checked the battery level, which was fully charged.

34.     Mr. Hart never observed any red-light indicator blinking or otherwise, which would have indicated a fault on the hoverboard.

35.     Mr. Hart had no warning at all of any fault.

36.     At no point did Mr. Hart jump off the hoverboard, which the user manual prohibits.

37.     Mr. Hart followed all instructions contained within the safety manual regarding disembarkation—an action which he had conducted numerous times before without incident—namely removing his left foot first (backwards) then right foot, but before Mr. Hart had the chance to remove his right foot, the hoverboard malfunctioned due to a manufacturing defect.

38.     The hoverboard was not unbalanced or uncalibrated. Every other time Hart rode the recently purchased item, it functioned fine, just as advertised and as an ordinary user of the product would expect.

6

39.     Counsel for Mr. Hart placed DGL on notice of the breach of warranty.

**FIRST CAUSE OF ACTION**

**STRICT PRODUCTS LIABILITY: MANUFACTURING DEFECT**
**(AGAINST ALL DEFENDANTS)**

40.     Mr. Hart adopts and incorporates by reference each allegation contained in the preceding paragraphs of the Complaint as though set forth fully below.

41.     Each defendant is strictly liable for the manufacturing defect inherent in the hoverboard.

42.     As commercial suppliers who deal routinely in hoverboards, each defendant engaged in the business of selling the hoverboard.

43.     Also, upon reasonable cause and belief, Amazon marketed, promoted, and collected paymnt for the hoverboard, which DGL distributed and/or sold to Amazon for sale to the general public.

44.     The receipt for order #111-1548091-6031453, placed on July 17, 2020 to Amazon and shipped to Mr. Hart's wife on July 21, 2020 at the marital address, states clearly: "Sold by: Amazon.com Services LLC," and states, "Condition: New."

45.     Each defendant placed upon the market and into the chain of commerce a defective product.

46.     A defect in the hoverboard, which caused the product to be unreasonably dangerous, caused Mr. Hart's injuries, which would not have occurred absent such a defect.

47.     The hoverboard was the actual and proximate cause of Mr. Hart's injuries. The defect existed when the hoverboard left the control of Defendants, and upon information and belief, the hoverboard was not substantially altered between leaving the custody of Defendants and delivery to Mr. Hart's household.

7

GERALD I. GILLOCK & ASSOCIATES
428 South 4th Street
Las Vegas, Nevada 89101

48.     The hoverboard was defective because it failed to perform in the manner reasonably expected in light of its nature and intended function and was more dangerous than would be contemplated by an ordinary user having the ordinary knowledge available in the community; Mr. Hart trained himself in the safe use of the hoverboard and followed the instructions in the user manual for safe disembarkation.

49.     An ordinary and reasonable user would not expect a product of this nature to malfunction and cause such injury only days after delivery. Mr. Hart's injuries speak for themselves; the hoverboard failed to perform in the manner reasonably expected in light of its nature and intended function. Mr. Hart used the hoverboard in an entirely foreseeable manner.

50.     Whilst it is necessary for Mr. Hart to show that a product was defective and that the defect caused the injury, Nevada law does not require Mr. Hart is to show that a *specific* defect caused the injury or to present expert testimony of a manufacturing defect. Mr. Hart presents proof of an unexpected and dangerous malfunction, which the law accepts might properly be accepted by a jury as sufficient circumstantial proof of a defect or an unreasonably dangerous condition without direct proof of the mechanical cause of the hoverboard's malfunction: no direct proof of defect is required.

51.     Defendants' conducted their acts and omissions with such wanton and reckless disregard for the well-being of Mr. Hart, and indeed any of the hoverboard's users, so as to constitute malice, gross negligence, and oppression; thus, Mr. Hart is entitled to punitive and exemplary damages in excess of the statutory cap imposed by NRS 42.005(1). NRS 42.005(1)(b) states that the normal punitive damage limits are not applicable to a distributor or seller of a defective product.

52.     As a proximate result of the negligence of Defendants, Mr. Hart has incurred medical, hospital, and other related expenses; the full extent of these expenses are not currently known, and Mr. Hart shall move for leave to amend the Complaint to conform to proof at the time of trial. Mr.

8

Hart has suffered both general and special damages in an amount in excess of $15,000.

53.     As a direct and proximate result of Defendants' conduct, Mr. Hart has suffered special damages, which includes loss of wages, both past, present, and future, in an amount exceeding $15,000.

54.     As a further proximate result of Defendants' negligence, Mr. Hart has suffered general damages including, but not limited to, emotional distress, pain, and suffering as a result of his injuries in an amount that exceeds $15,000.

55.     As a further proximate result of Defendants' negligent acts and omissions, Mr. Hart was forced to retain the services of counsel in this action and thus seek reimbursement for an attorney's fee and costs.

## SECOND CAUSE OF ACTION

### NEGLIGENCE: DEFECTIVE PRODUCTS
### (AGAINST ALL DEFENDANTS)

56.     Mr. Hart adopts and incorporates by reference each allegation contained in the preceding paragraphs of the Complaint as though set forth fully below.

57.     As commercial suppliers that placed hoverboards into the stream of commerce, Defendants owed a duty of care to all foreseeable users of the hoverboard to ensure that the hoverboard would function as expected and not cause dangerous injury towards a foreseeable user.

58.     Defendants breached their duty of care to Mr. Hart, a purchaser and foreseeable user of the hoverboard, in that the former's negligence led to the supply of a defective product as outlined in the preceding paragraphs.

59.     A retailer and a wholesaler satisfies the duty of care by a cursory inspection of the product.

60.     Upon information and belief, as bulk distributors of the hoverboard, a popular product,

GERALD I. GILLOCK & ASSOCIATES
428 South 4ᵗʰ Street
Las Vegas, Nevada 89101

Defendants failed to conduct a cursory inspection of the hoverboard to check for defects.

61.    A res ipsa inference of negligence is permitted because Mr. Hart demonstrates that Defendants were in exclusive control of the hoverboard, the accident was one that does not ordinarily occur in the absence of negligence, and Defendants are in a better position to explain the cause of the accident and the hoverboard's malfunction and defect.

62.    It is more probable than not that Mr. Hart's injuries resulted from Defendants' breach of the duty of care, thus an inference of negligence on the part of Defendants arises.

63.    As outlined in Count I, Mr. Hart demonstrates actual and proximate cause; he suffered serious injury whilst using the hoverboard in the manner instructed by the user manual, and the injury was the natural and probable consequence of Defendants' negligence, i.e., failure to conduct a cursory examination of the hoverboard, which Defendants ought to have foreseen in light of the attending circumstances.

64.    Defendants' conducted their acts and omissions with such wanton and reckless disregard for the well-being of Mr. Hart, and indeed any of the hoverboard's users, so as to constitute malice, gross negligence, and oppression; thus, Mr. Hart is entitled to punitive and exemplary damages in excess of the statutory cap imposed by NRS 42.005(1). NRS 42.005(1)(b) exempts a distributor or seller of a defective product from the caps imposed by NRS 42.005(1).

65.    As a proximate result of the negligence of Defendants, Mr. Hart has incurred medical, hospital, and other related expenses; the full extent of these expenses are not currently known, and Mr. Hart shall move for leave to amend the Complaint to conform to proof at the time of trial. Mr. Hart has suffered both general and special damages in an amount in excess of $15,000.

66.    As a direct and proximate result of Defendants' conduct, Mr. Hart has suffered special damages, which includes loss of wages, both past, present, and future, in an amount exceeding

GERALD I. GILLOCK & ASSOCIATES
428 South 4ᵗʰ Street
Las Vegas, Nevada 89101

10

$15,000.

67.     As a further proximate result of Defendants' negligence, Mr. Hart has suffered general damages including, but not limited to, emotional distress, pain, and suffering as a result of his injuries in an amount that exceeds $15,000.

68.     As a further proximate result of Defendants' negligent acts and omissions, Mr. Hart was forced to retain the services of counsel in this action and thus seek reimbursement for an attorney's fee and costs.

### THIRD CAUSE OF ACTION

### NRS 104.2314: BREACH OF WARRANTY—IMPLIED WARRANTY OF MERCHANTABILITY
### (AGAINST ALL DEFENDANTS)

69.     Mr. Hart adopts and incorporates by reference each allegation contained in the preceding paragraphs of the Complaint as though set forth fully below.

70.     NRS 104.2314(1), which reflects § 2-314 of the Uniform Commercial Code, applies to a seller of goods only if the seller is a merchant with respect to goods of that kind.

71.     All defendants are sellers of goods as defined by NRS 104.2314 in that, upon information and belief, they sell in bulk and on a regular basis hoverboards; all defendants hold themselves out as having knowledge or skill relevant to the practices or goods involved in the sale of hoverboards.

72.     Under NRS 104.2314, goods sold within Nevada carry an implied warranty of merchantability, namely that the goods are fit for the ordinary purposes for which they are used; thus, by operation of law an implied warranty existed.

73.     Mr. Hart's wife and Amazon contracted so that the latter would sell to the former the hoverboard.

11

GERALD I. GILLOCK & ASSOCIATES
428 South 4th Street
Las Vegas, Nevada 89101

74.     Upon information and belief, Amazon sold the defective hoverboard subject to an implied warranty.

75.     Amazon breached the implied warranty of merchantability; the hoverboard was not fit for its ordinary purpose of use. Mr. Hart followed the instructions contained within the user manual and attempted to diserbark safely off the hoverboard, but a defect in the product caused Mr. Hart to seriously injure himself when stepping off.

76.     Amazon's standard Conditions of Use, which disclaim implied warranties, violate NRS 104.2316(2), which requires any exclusion or modification of the implied warranty of merchantability to be conspicuous.

77.     The exclusion clause lacks conspicuousness as defined by NRS 104.1201(2)(j) because it is not written in a manner that a reasonable person against whom the exclusion clause is intended to operate against would have noticed it.

78.     The order confirmation form issued by Amazon to Mr. Hart's wife, to whom the hoverboard was shipped, contains a link in small writing at the bottom of the page to Amazon's standard Conditions of Use.

79.     Arguably, neither the link provided nor the disclaimer itself, located halfway down the webpage, are conspicuous. Thus, the exclusion clause fails to satisfy NRS 104.2316(2).

80.     Nevada law requires contractual privity between a buyer and seller to establish a breach of implied warranty. Even if vertical privity between a manufacturer and buyer is not required, Nevada law still requires horizontal privity.

81.     NRS 104.2318 limits horizontal privity to cover a person in the family or household of the seller's buyer. Even though Mr. Hart's wife purchased the hoverboard with a debit card in her name, the money for the purchase came out of a joint account owned by Mr. and Mrs. Hart.

12

82.     Regardless of the above, horizontal privity applies between Mr. Hart and Amazon, and he is therefore entitled to the protection of the implied warranty of merchantability as a third-party beneficiary in accord with NRS 104.2318.

83.     Notwithstanding the privity requirements, the Uniform Commercial Code requires the buyer of defective goods to give notice of a breach of warranty to the seller as a prerequisite to suing for such a breach, but it appears that no notice requirement is imposed on a plaintiff who is a third-party beneficiary of the warranty, as is Mr. Hart.

84.     In sum, because all defendants sold the hoverboard—in this instance both DGL and Amazon are both distributors and sellers—both qualify as merchants with respect to hoverboards. Also, upon information and belief, both defendants are merchants subject to an implied warranty of merchantability because they hold themselves out as having pertinent knowledge or skill, either by dint of their businesses or through the employment of others.

85.     Defendants' conducted their acts and omissions with such wanton and reckless disregard for the well-being of Mr. Hart, and indeed any of the hoverboard's users, so as to constitute malice, gross negligence, and oppression; thus, Mr. Hart is entitled to punitive and exemplary damages in excess of the statutory cap imposed by NRS 42.005(1). NRS 42.005(1)(b) states that the normal punitive damage limits are not applicable to a distributor or seller of a defective product.

86.     As a proximate result of the negligence of Defendants, Mr. Hart has incurred medical, hospital, and other related expenses; the full extent of these expenses are not currently known, and Mr. Hart shall move for leave to amend the Complaint to conform to proof at the time of trial. Mr. Hart has suffered both general and special damages in an amount in excess of $15,000.

87.     As a direct and proximate result of Defendants' conduct, Mr. Hart has suffered special damages, which includes loss of wages, both past, present, and future, in an amount exceeding

GERALD I. GILLOCK & ASSOCIATES
428 South 4th Street
Las Vegas, Nevada 89101

13

$15,000.

88.     As a further proximate result of Defendants' negligence, Mr. Hart has suffered general damages including, but not limited to, emotional distress, pain, and suffering as a result of his injuries in an amount that exceeds $15,000.

89.     As a further proximate result of Defendants' negligent acts and omissions, Mr. Hart was forced to retain the services of counsel in this action and thus seek reimbursement for an attorney's fee and costs.

## **PRAYER FOR RELIEF**

Plaintiff prays for the following relief from Defendants:

1.  For general damages in excess of $15,000;

2.  For special damages in excess of $15,000;

3.  For punitive damages in excess of $15,000;

4.  For Plaintiffs' costs and disbursements of this action;

5.  For a reasonable attorney's fee that Plaintiffs incur;

6.  For any further relief that the Court deems adequate, just, and equitable.

DATED this 20th day of July, 2022.

**GERALD I. GILLOCK & ASSOCIATES**

By:___/s/ Alexander J. Smith_____
         GERALD I. GILLOCK, ESQ.
         Nevada Bar No. 51
         ALEXANDER J. SMITH, ESQ.
         Nevada Bar No. 15484
         428 South Fourth Street
         Las Vegas, NV  89101

         *Attorneys for Plaintiffs*

GERALD I. GILLOCK & ASSOCIATES
428 South 4th Street
Las Vegas, Nevada 89101

14



**THORNDAL ARMSTRONG**
DELK BALKENBUSH & EISINGER

A PROFESSIONAL CORPORATION
A T T O R N E Y S
www.thorndal.com

# EXHIBIT B

## GENERAL DAMAGES

Under Nevada law, Jason is entitled to general damages, including but not limited to: pain, suffering, inconvenience, mental suffering, emotional distress, loss of society and companionship, loss of consortium, and injury to reputation and humiliation. *See Banks ex rel. Banks v. Sunrise Hosp.*, 120 Nev. 822, 839, 102 P.3d 52, 64 (2004).

As a result, Jason must be compensated for the variety of ways this incident has and will continue to impact his daily life. Jason's daily tasks such as showering, washing himself, getting dressed, grooming, cooking, doing laundry, and cleaning all take additional time and care.

Now, Jason is forced to take significant precautions in life to guard his ankle at all times. As a busy father of three, Jason struggles to keep up with family activities and play time with his children.

Simply put, Jason deserves to be made whole.

## ECONOMIC DAMAGES

Similarly, Jason is entitled–*as a matter of law*– to be reimbursed for any economic damages, including past and future medical expenses and lost wages. *Paul v. Imperial Palace, Inc.*, 111 Nev. 1544, 1547, 908 P.2d 226, 228 (1995). Accordingly, please see the following itemization of economic damages that Jason has sustained to date as direct result of DGL's negligence.

| | | |
|---|---|---|
| Exhibit A | Photographs | N/A |
| Exhibit B | ER at Green Valley Ranch | $5,053.00 |
| Exhibit C | Shadow Emergency Physicians, PLLC | $2,841.00 |
| Exhibit D | Desert Radiology Solutions | $97.00 |
| Exhibit E | Nevada Orthopedic & Spine Center | $5,377 |
| Exhibit F | Sunrise Hospital and Medical Center | $42,755.00 |
| Exhibit G | Radiology Specialists | $31.00 |
| Exhibit H | Mark VandenBosch, M.D. | $2,730.00 |
| | Future Medical Specials | TBD |
| | Lost Wages | TBD |
| | General Damages | TBD |
| | **TOTAL** | **TBD** |

**Def Exhibit C**



# EXHIBIT C

Electronically Filed
7/20/2022 3:28 PM
Steven D. Grierson
CLERK OF THE COURT

1    GERALD I. GILLOCK, ESQ.
     Nevada Bar No. 51
2    ALEXANDER SMITH, ESQ.
     Nevada Bar No. 15484
3    **GERALD I. GILLOCK & ASSOCIATES**
     428 South Fourth Street
4    Las Vegas, NV 89101
     Telephone: (702) 385-1482
5    Facsimile:  (702) 385-2604
6    gillock@gmk-law.com
     asmith@gmk-law.com
7

8    TIMOTHY R. O'REILLY, ESQ.
     Nevada Bar No. 8866
9    **TIMOTHY O'REILLY, CHTD.**
     325 S. Maryland Parkway
10   Las Vegas, Nevada 89101
     Telephone: (702) 382-2500
11   Facsimile: (702) 384-6266
     E-Mail: efile@oreillylawgroup.com
12

13   SAMUEL MIREJOVSKY, ESQ.
     Nevada Bar No. 13919
14   ASHLEY M. WATKINS, ESQ.
     Nevada Bar No. 13981
15   **SAM & ASH, LLP**
     1108 S. Casino Center
16   Las Vegas, Nevada  89104
     Telephone: (702) 820-4000
17   Facsimile: (702) 820-4444

18

19   *Attorneys for Plaintiffs*

20              **EIGHTH JUDICIAL DISTRICT COURT**
               **CLARK COUNTY, NEVADA**

CASE NO: A-22-855716-C
Department 4

| | |
|---|---|
| JASON HART,<br><br>            Plaintiff,<br><br>vs.<br><br>DGL GROUP LTD., a New Jersey Corporation; AMAZON.COM SERVICES LLC, a Delaware Corporation; and ROE CORPORATIONS I through X, inclusive,<br><br>            Defendants. | CASE NO.:<br>DEPT. NO.:<br><br>**COMPLAINT FOR STRICT PRODUCTS LIABILITY, NEGLIGENCE, AND BREACH OF WARRANTY**<br><br><br>**JURY TRIAL DEMANDED** |

21
22
23
24
25
26
27
28

GERALD I. GILLOCK & ASSOCIATES
428 South 4th Street
Las Vegas, Nevada 89101

1

GERALD I. GILLOCK & ASSOCIATES
428 South 4th Street
Las Vegas, Nevada 89101

## COMPLAINT FOR STRICT PRODUCTS LIABILITY, NEGLIGENCE, AND BREACH OF WARRANTY

Plaintiff, JASON HART ("Mr. Hart"), by and through his attorneys of record, GERALD I. GILLOCK & ASSOCIATES; TIMOTHY O'REILLY, CHTD.; and SAM & ASH, LLP, allege and complain as follows:

## PARTIES AND JURISDICTION

1.      On July 25, 2020, in Clark County, Nevada, Mr. Hart suffered serious bodily injury due to a defect in a product that upon information and belief was (i) distributed by DGL GROUP LTD. ("DGL") and (ii) distributed and sold by AMAZON.COM SERVICES LLC ("Amazon"). Over the period encompassed by this action, Mr. Hart resided in Clark County, Nevada, and remains a resident of the same county.

2.      Upon information and belief, over the period encompassed by this action, Defendant DGL, a New Jersey corporation, engaged in the distribution and sale of a product known as a "hoverboard."

3.      Upon information and belief, DGL distributed its hoverboards—which were manufactured in the People's Republic of China—throughout the United States, including via Amazon, who both distributed and sold DGL's product.

4.      Amazon is a foreign corporation that over the period encompassed by this action was, and remains, authorized to conduct business in the State of Nevada.

5.      Upon information and belief, for the acts complained of over the period encompassed by this action fictitious Defendants ROES I through X ("Roe Defendants") are liable for injury incurred by Mr. Hart because of a manufacturing defect inherent in the hoverboard purchased by Mr. Hart from Amazon on July 17, 2020.

2

GERALD I. GILLOCK & ASSOCIATES
428 South 4th Street
Las Vegas, Nevada 89101

6.      Over the period encompassed by this action, fictitious Defendants Roe Defendants were corporations, firms, and the like, who were engaged in the business of distributing and selling the defective hoverboard that injured Mr. Hart. The latter is currently unaware of the true names, identities, or capacities, whether individual, corporate, associate, or otherwise of Roe Defendants and is unaware whether any of those entities still conduct business; thus, Plaintiffs sue Roe Defendants by fictitious names.

7.      Mr. Hart is informed and believes and therefore alleges that each Roe Defendant is responsible legally to some degree, both jointly and severally as to strict products liability, for the injury and damage caused by the defective hoverboard. When the identities and capacities of the above become known to Mr. Hart, he will move to amend the Complaint to identify the unnamed Roe Defendants and add specific allegations and claims relevant to each individually accused.

8.      Venue is proper in the Eighth Judicial District Court, which exercises jurisdiction over the parties and the causes of action.

9.      By introducing the hoverboard into the stream of commerce and by supplying them to Amazon and directly to the public, DGL has purposefully availed itself of the privilege of selling its products, specifically its hoverboards, within the State of Nevada; thus, the Nevada courts can exercise jurisdiction over DGL.

10.     Likewise, Amazon, a foreign corporation registered in Nevada and which sells extensively across the entire United States, has distributed, sold, or otherwise placed its products, namely the hoverboard, into the stream of commerce; thus, the Nevada courts can exercise jurisdiction over Amazon.

11.     Amazon's forum selection clause, waiver of right to trial by jury, and requirement to resolve disputes via arbitration are unlawful under general principles of contract law and public

3

1    policy, as are any clauses that limit liability for personal injury caused by a product that Amazon has

2    sold.

3                                    **GENERAL ALLEGATIONS**

4          12.     On July 17, 2020, Mr. Hart's wife used her own debit card connected to a joint account

5    that she shares with her husband placed an order with Amazon for a new "Hover-1 H1 Hoverboard

6    Electric Scooter." The order was shipped on July 21, 2020, and arrived at the Hart household shortly

7

8    after.

9          13.     On July 25, 2020, between the hours of 4:00 p.m. and 5:00 p.m Mr. Hart rode the

10   hoverboard approximately 100 yards from his house, up his street, to where the mailboxes are located

11   communally.

12

13         14.     A hoverboard is a motorized personal vehicle consisting of a platform for the feet

14   mounted on two wheels and controlled by the way the rider distributes their weight.

15         15.     On the date of the accident, visibility was unlimited. The temperature was 104f, which

16   is within the manufacturer's recommended operating range.

17

18         16.     The street down which Mr. Hart traveled was paved. No other vehicular traffic was

19   present and the environment could be described as quiet.

20         17.     Without incident, Mr. Hart pulled up in front of the mailboxes, slowed down, and

21   came to a stop.

22

23         18.     On flat ground and in accord with the instructions in the user manual, Mr. Hart lifted

24   his left foot off the hoverboard and placed it on the ground.

25         19.     While still bearing weight on his right foot, which remained on the hoverboard, the

26   hoverboard without warning rotated violently clockwise.

27   ///

28

GERALD I. GILLOCK & ASSOCIATES
428 South 4th Street
Las Vegas, Nevada 89101

4

20.     Mr. Hart's right foot remained stationary on the hoverboard but rotated through approximately ninety degrees, which caused him to fall and land on his elbows and arms.

21.     Mr. Hart suffered an ankle fracture. Specifically, his injuries included a right ankle fracture of the distal fibula, which necessitated emergency open reduction and internal fixation surgery. Surgeons inserted a steel plate containing screws to secure the bone.

22.     Other injuries included abrasions, difficulty walking, swelling, bruising, sharp shooting pains, burning sensations, and hardware pains.

23.     In addition to the injuries and symptoms described above, Mr. Hart continues to suffer from pain in his right foot, muscle spasms, dull aches and pains, sharp shooting pains, and he has a limited range of motion.

24.     Mr. Hart now cannot walk long distances. He moved his family to Nevada from St. Louis some three years ago—one of the reasons for the move was so that his family could have more of an outdoor-type lifestyle, and they wished to take advantage of the regional and of Nevada's numerous opportunities for outdoor adventures.

25.     Mr. Hart's daughter especially enjoys outdoor activities, a major reason for the move and change in lifestyle, but due to the injury sustained from the accident, Mr. Hart now struggled with any hiking trips.

26.     Mr. Hart has purchased two identical hoverboards. He has read the manuals twice and also practiced on the hoverboard within his house so that he could familiarize himself with, and become comfortable using in a safe manner, the hoverboard.

27.     Mr. Hart was proficient in the safe use of the hoverboard; he possesses a video of himself practicing on the hoverboard.

28.     Mr. Hart followed the instructions within the user manual.

GERALD I. GILLOCK & ASSOCIATES
428 South 4th Street
Las Vegas, Nevada 89101

29.     At the time of the incident, Hart wore closed-toe sneakers, which ensured a good and stable grip on the device. No recommended safety equipment advised in the user manual, namely a helmet and elbow and knee pads, would have prevented or mitigated the harm that Mr. Hart suffered.

30.     Mr. Hart was not under the influence of any drugs or alcohol at the time he suffered injury.

31.     The hoverboard was never dropped or damaged in any way. In fact, it malfunctioned only days after purchase.

32.     Mr. Hart has no prior head, back, or neck ailments, and he has had no surgery on those areas. The only surgery he has had was a deviated septum repair years before the incident.

33.     Before riding, Mr. Hart thoroughly inspected the hoverboard before riding. He checked that the wheels were clean, unobstructed, and free, and he also checked the battery level, which was fully charged.

34.     Mr. Hart never observed any red-light indicator blinking or otherwise, which would have indicated a fault on the hoverboard.

35.     Mr. Hart had no warning at all of any fault.

36.     At no point did Mr. Hart jump off the hoverboard, which the user manual prohibits.

37.     Mr. Hart followed all instructions contained within the safety manual regarding disembarkation—an action which he had conducted numerous times before without incident—namely removing his left foot first (backwards) then right foot, but before Mr. Hart had the chance to remove his right foot, the hoverboard malfunctioned due to a manufacturing defect.

38.     The hoverboard was not unbalanced or uncalibrated. Every other time Hart rode the recently purchased item, it functioned fine, just as advertised and as an ordinary user of the product would expect.

GERALD I. GILLOCK & ASSOCIATES
428 South 4th Street
Las Vegas, Nevada 89101

6

39.     Counsel for Mr. Hart placed DGL on notice of the breach of warranty.

## **FIRST CAUSE OF ACTION**

### **STRICT PRODUCTS LIABILITY: MANUFACTURING DEFECT**
### **(AGAINST ALL DEFENDANTS)**

40.     Mr. Hart adopts and incorporates by reference each allegation contained in the preceding paragraphs of the Complaint as though set forth fully below.

41.     Each defendant is strictly liable for the manufacturing defect inherent in the hoverboard.

42.     As commercial suppliers who deal routinely in hoverboards, each defendant engaged in the business of selling the hoverboard.

43.     Also, upon reasonable cause and belief, Amazon marketed, promoted, and collected paymnt for the hoverboard, which DGL distributed and/or sold to Amazon for sale to the general public.

44.     The receipt for order #111-1548091-6031453, placed on July 17, 2020 to Amazon and shipped to Mr. Hart's wife on July 21, 2020 at the marital address, states clearly: "Sold by: Amazon.com Services LLC," and states, "Condition: New."

45.     Each defendant placed upon the market and into the chain of commerce a defective product.

46.     A defect in the hoverboard, which caused the product to be unreasonably dangerous, caused Mr. Hart's injuries, which would not have occurred absent such a defect.

47.     The hoverboard was the actual and proximate cause of Mr. Hart's injuries. The defect existed when the hoverboard left the control of Defendants, and upon information and belief, the hoverboard was not substantially altered between leaving the custody of Defendants and delivery to Mr. Hart's household.

GERALD I. GILLOCK & ASSOCIATES
428 South 4th Street
Las Vegas, Nevada 89101

7

48.     The hoverboard was defective because it failed to perform in the manner reasonably expected in light of its nature and intended function and was more dangerous than would be contemplated by an ordinary user having the ordinary knowledge available in the community; Mr. Hart trained himself in the safe use of the hoverboard and followed the instructions in the user manual for safe disembarkation.

49.     An ordinary and reasonable user would not expect a product of this nature to malfunction and cause such injury only days after delivery. Mr. Hart's injuries speak for themselves; the hoverboard failed to perform in the manner reasonably expected in light of its nature and intended function. Mr. Hart used the hoverboard in an entirely foreseeable manner.

50.     Whilst it is necessary for Mr. Hart to show that a product was defective and that the defect caused the injury, Nevada law does not require Mr. Hart is to show that a *specific* defect caused the injury or to present expert testimony of a manufacturing defect. Mr. Hart presents proof of an unexpected and dangerous malfunction, which the law accepts might properly be accepted by a jury as sufficient circumstantial proof of a defect or an unreasonably dangerous condition without direct proof of the mechanical cause of the hoverboard's malfunction: no direct proof of defect is required.

51.     Defendants' conducted their acts and omissions with such wanton and reckless disregard for the well-being of Mr. Hart, and indeed any of the hoverboard's users, so as to constitute malice, gross negligence, and oppression; thus, Mr. Hart is entitled to punitive and exemplary damages in excess of the statutory cap imposed by NRS 42.005(1). NRS 42.005(1)(b) states that the normal punitive damage limits are not applicable to a distributor or seller of a defective product.

52.     As a proximate result of the negligence of Defendants, Mr. Hart has incurred medical, hospital, and other related expenses; the full extent of these expenses are not currently known, and Mr. Hart shall move for leave to amend the Complaint to conform to proof at the time of trial. Mr.

GERALD I. GILLOCK & ASSOCIATES
428 South 4ᵗʰ Street
Las Vegas, Nevada 89101

8

GERALD I. GILLOCK & ASSOCIATES
428 South 4ᵗʰ Street
Las Vegas, Nevada 89101

1  Hart has suffered both general and special damages in an amount in excess of $15,000.

2    53.    As a direct and proximate result of Defendants' conduct, Mr. Hart has suffered special

3  damages, which includes loss of wages, both past, present, and future, in an amount exceeding

4  $15,000.

5

6    54.    As a further proximate result of Defendants' negligence, Mr. Hart has suffered general

7  damages including, but not limited to, emotional distress, pain, and suffering as a result of his injuries

8  in an amount that exceeds $15,000.

9    55.    As a further proximate result of Defendants' negligent acts and omissions, Mr. Hart

10  was forced to retain the services of counsel in this action and thus seek reimbursement for an

11  attorney's fee and costs.

12

13                          **SECOND CAUSE OF ACTION**

14                    **NEGLIGENCE: DEFECTIVE PRODUCTS**
                      **(AGAINST ALL DEFENDANTS)**
15

16    56.    Mr. Hart adopts and incorporates by reference each allegation contained in the

17  preceding paragraphs of the Complaint as though set forth fully below.

18    57.    As commercial suppliers that placed hoverboards into the stream of commerce,

19
   Defendants owed a duty of care to all foreseeable users of the hoverboard to ensure that the
20
   hoverboard would function as expected and not cause dangerous injury towards a foreseeable user.
21

22    58.    Defendants breached their duty of care to Mr. Hart, a purchaser and foreseeable user

23  of the hoverboard, in that the former's negligence led to the supply of a defective product as outlined

24  in the preceding paragraphs.

25
     59.    A retailer and a wholesaler satisfies the duty of care by a cursory inspection of the
26
   product.
27

28    60.    Upon information and belief, as bulk distributors of the hoverboard, a popular product,

Defendants failed to conduct a cursory inspection of the hoverboard to check for defects.

61.     A res ipsa inference of negligence is permitted because Mr. Hart demonstrates that Defendants were in exclusive control of the hoverboard, the accident was one that does not ordinarily occur in the absence of negligence, and Defendants are in a better position to explain the cause of the accident and the hoverboard's malfunction and defect.

62.     It is more probable than not that Mr. Hart's injuries resulted from Defendants' breach of the duty of care, thus an inference of negligence on the part of Defendants arises.

63.     As outlined in Count I, Mr. Hart demonstrates actual and proximate cause; he suffered serious injury whilst using the hoverboard in the manner instructed by the user manual, and the injury was the natural and probable consequence of Defendants' negligence, i.e., failure to conduct a cursory examination of the hoverboard, which Defendants ought to have foreseen in light of the attending circumstances.

64.     Defendants' conducted their acts and omissions with such wanton and reckless disregard for the well-being of Mr. Hart, and indeed any of the hoverboard's users, so as to constitute malice, gross negligence, and oppression; thus, Mr. Hart is entitled to punitive and exemplary damages in excess of the statutory cap imposed by NRS 42.005(1). NRS 42.005(1)(b) exempts a distributor or seller of a defective product from the caps imposed by NRS 42.005(1).

65.     As a proximate result of the negligence of Defendants, Mr. Hart has incurred medical, hospital, and other related expenses; the full extent of these expenses are not currently known, and Mr. Hart shall move for leave to amend the Complaint to conform to proof at the time of trial. Mr. Hart has suffered both general and special damages in an amount in excess of $15,000.

66.     As a direct and proximate result of Defendants' conduct, Mr. Hart has suffered special damages, which includes loss of wages, both past, present, and future, in an amount exceeding

GERALD I. GILLOCK & ASSOCIATES
428 South 4th Street
Las Vegas, Nevada 89101

10

1    $15,000.

2        67.    As a further proximate result of Defendants' negligence, Mr. Hart has suffered general

3    damages including, but not limited to, emotional distress, pain, and suffering as a result of his injuries

4    in an amount that exceeds $15,000.

5        68.    As a further proximate result of Defendants' negligent acts and omissions, Mr. Hart

6    was forced to retain the services of counsel in this action and thus seek reimbursement for an

7

8    attorney's fee and costs.

9                          **THIRD CAUSE OF ACTION**

10

11   **NRS 104.2314: BREACH OF WARRANTY—IMPLIED WARRANTY OF**
     **MERCHANTABILITY**
     **(AGAINST ALL DEFENDANTS)**
12

13       69.    Mr. Hart adopts and incorporates by reference each allegation contained in the

14   preceding paragraphs of the Complaint as though set forth fully below.

15       70.    NRS 104.2314(1), which reflects § 2-314 of the Uniform Commercial Code, applies

16
     to a seller of goods only if the seller is a merchant with respect to goods of that kind.
17

18       71.    All defendants are sellers of goods as defined by NRS 104.2314 in that, upon

19   information and belief, they sell in bulk and on a regular basis hoverboards; all defendants hold

20   themselves out as having knowledge or skill relevant to the practices or goods involved in the sale of

21   hoverboards.

22
         72.    Under NRS 104.2314, goods sold within Nevada carry an implied warranty of
23

24   merchantability, namely that the goods are fit for the ordinary purposes for which they are used; thus,

25   by operation of law an implied warranty existed.

26       73.    Mr. Hart's wife and Amazon contracted so that the latter would sell to the former the

27   hoverboard.

28

GERALD I. GILLOCK & ASSOCIATES
428 South 4th Street
Las Vegas, Nevada 89101

11

74.     Upon information and belief, Amazon sold the defective hoverboard subject to an implied warranty.

75.     Amazon breached the implied warranty of merchantability; the hoverboard was not fit for its ordinary purpose of use. Mr. Hart followed the instructions contained within the user manual and attempted to diserbark safely off the hoverboard, but a defect in the product caused Mr. Hart to seriously injure himself when stepping off.

76.     Amazon's standard Conditions of Use, which disclaim implied warranties, violate NRS 104.2316(2), which requires any exclusion or modification of the implied warranty of merchantability to be conspicuous.

77.     The exclusion clause lacks conspicuousness as defined by NRS 104.1201(2)(j) because it is not written in a manner that a reasonable person against whom the exclusion clause is intended to operate against would have noticed it.

78.     The order confirmation form issued by Amazon to Mr. Hart's wife, to whom the hoverboard was shipped, contains a link in small writing at the bottom of the page to Amazon's standard Conditions of Use.

79.     Arguably, neither the link provided nor the disclaimer itself, located halfway down the webpage, are conspicuous. Thus, the exclusion clause fails to satisfy NRS 104.2316(2).

80.     Nevada law requires contractual privity between a buyer and seller to establish a breach of implied warranty. Even if vertical privity between a manufacturer and buyer is not required, Nevada law still requires horizontal privity.

81.     NRS 104.2318 limits horizontal privity to cover a person in the family or household of the seller's buyer. Even though Mr. Hart's wife purchased the hoverboard with a debit card in her name, the money for the purchase came out of a joint account owned by Mr. and Mrs. Hart.

GERALD I. GILLOCK & ASSOCIATES
428 South 4th Street
Las Vegas, Nevada 89101

12

GERALD I. GILLOCK & ASSOCIATES
428 South 4th Street
Las Vegas, Nevada 89101

82.     Regardless of the above, horizontal privity applies between Mr. Hart and Amazon, and he is therefore entitled to the protection of the implied warranty of merchantability as a third-party beneficiary in accord with NRS 104.2318.

83.     Notwithstanding the privity requirements, the Uniform Commercial Code requires the buyer of defective goods to give notice of a breach of warranty to the seller as a prerequisite to suing for such a breach, but it appears that no notice requirement is imposed on a plaintiff who is a third-party beneficiary of the warranty, as is Mr. Hart.

84.     In sum, because all defendants sold the hoverboard—in this instance both DGL and Amazon are both distributors and sellers—both qualify as merchants with respect to hoverboards. Also, upon information and belief, both defendants are merchants subject to an implied warranty of merchantability because they hold themselves out as having pertinent knowledge or skill, either by dint of their businesses or through the employment of others.

85.     Defendants' conducted their acts and omissions with such wanton and reckless disregard for the well-being of Mr. Hart, and indeed any of the hoverboard's users, so as to constitute malice, gross negligence, and oppression; thus, Mr. Hart is entitled to punitive and exemplary damages in excess of the statutory cap imposed by NRS 42.005(1). NRS 42.005(1)(b) states that the normal punitive damage limits are not applicable to a distributor or seller of a defective product.

86.     As a proximate result of the negligence of Defendants, Mr. Hart has incurred medical, hospital, and other related expenses; the full extent of these expenses are not currently known, and Mr. Hart shall move for leave to amend the Complaint to conform to proof at the time of trial. Mr. Hart has suffered both general and special damages in an amount in excess of $15,000.

87.     As a direct and proximate result of Defendants' conduct, Mr. Hart has suffered special damages, which includes loss of wages, both past, present, and future, in an amount exceeding

13

$15,000.

88.     As a further proximate result of Defendants' negligence, Mr. Hart has suffered general damages including, but not limited to, emotional distress, pain, and suffering as a result of his injuries in an amount that exceeds $15,000.

89.     As a further proximate result of Defendants' negligent acts and omissions, Mr. Hart was forced to retain the services of counsel in this action and thus seek reimbursement for an attorney's fee and costs.

## PRAYER FOR RELIEF

Plaintiff prays for the following relief from Defendants:

1.   For general damages in excess of $15,000;

2.   For special damages in excess of $15,000;

3.   For punitive damages in excess of $15,000;

4.   For Plaintiffs' costs and disbursements of this action;

5.   For a reasonable attorney's fee that Plaintiffs incur;

6.   For any further relief that the Court deems adequate, just, and equitable.

DATED this 20th day of July, 2022.

**GERALD I. GILLOCK & ASSOCIATES**

By:   /s/ Alexander J. Smith
    GERALD I. GILLOCK, ESQ.
    Nevada Bar No. 51
    ALEXANDER J. SMITH, ESQ.
    Nevada Bar No. 15484
    428 South Fourth Street
    Las Vegas, NV  89101

    *Attorneys for Plaintiffs*

GERALD I. GILLOCK & ASSOCIATES
428 South 4th Street
Las Vegas, Nevada 89101

14

Electronically Filed
7/20/2022 3:28 PM
Steven D. Grierson
CLERK OF THE COURT

GERALD I. GILLOCK, ESQ.
Nevada Bar No. 51
ALEXANDER SMITH, ESQ.
Nevada Bar No. 15484
**GERALD I. GILLOCK & ASSOCIATES**
428 South Fourth Street
Las Vegas, NV  89101
Telephone: (702) 385-1482
Facsimile:  (702) 385-2604
gillock@gmk-law.com
asmith@gmk-law.com

TIMOTHY R. O'REILLY, ESQ.
Nevada Bar No. 8866
**TIMOTHY O'REILLY, CHTD.**
325 S. Maryland Parkway
Las Vegas, Nevada 89101
Telephone: (702) 382-2500
Facsimile: (702) 384-6266
E-Mail: efile@oreillylawgroup.com

SAMUEL MIREJOVSKY, ESQ.
Nevada Bar No. 13919
ASHLEY M. WATKINS, ESQ.
Nevada Bar No. 13981
**SAM & ASH, LLP**
1108 S. Casino Center
Las Vegas, Nevada 89104
Telephone: (702) 820-4000
Facsimile: (702) 820-4444

*Attorneys for Plaintiff*

CASE NO: A-22-855716-C
Department 4

**EIGHTH JUDICIAL DISTRICT COURT**

**CLARK COUNTY, NEVADA**

JASON HART,

Plaintiff,

vs.

DGL GROUP LTD., a New Jersey Corporation; AMAZON.COM SERVICES LLC, a Delaware Corporation; and ROE CORPORATIONS I through X, inclusive,

Defendants.

CASE NO.:

DEPT. NO.:

**INITIAL APPEARANCE FEE DISCLOSURE**

GERALD I. GILLOCK & ASSOCIATES
428 South 4th Street
Las Vegas, Nevada 89101

1

1    Pursuant to NRS Chapter 19, as amended by Senate Bill 106, filing fees are submitted for the

2    Plaintiffs appearing in the above-entitled action, as indicated below:

3        JASON HART                                    $ 270.00

4        TOTAL REMITTED:                               $ 270.00

5        DATED this 20th day of July, 2022.

6

7                                        **GERALD I. GILLOCK & ASSOCIATES**

8

9                                        By: _____/s/  Alexander J. Smith_____

10                                            GERALD I. GILLOCK, ESQ.
                                             Nevada Bar No. 51
11                                           ALEXANDER SMITH, ESQ.
                                             Nevada Bar No. 15484
12                                           428 South Fourth Street
                                             Las Vegas, NV  89101
13
                                             TIMOTHY R. O'REILLY, ESQ.
14                                           Nevada Bar No. 8866
                                             **TIMOTHY O'REILLY, CHTD.**
15                                           325 S. Maryland Parkway
                                             Las Vegas, Nevada 89101
16                                           Telephone: (702) 382-2500
                                             Facsimile: (702) 384-6266
17                                           E-Mail: efile@oreillylawgroup.com

18                                           SAMUEL MIREJOVSKY, ESQ.
                                             Nevada Bar No. 13919
19                                           ASHLEY M. WATKINS, ESQ.
                                             Nevada Bar No. 13981
20                                           **SAM & ASH, LLP**
                                             1108 S. Casino Center
21                                           Las Vegas, Nevada 89104

22

23                                           *Attorneys for Plaintiff*

24

25

26

27

28

*GERALD I. GILLOCK & ASSOCIATES*
*428 South 4th Street*
*Las Vegas, Nevada 89101*

2

Electronically Filed
8/11/2022 4:12 PM
Steven D. Grierson
CLERK OF THE COURT

GERALD I. GILLOCK, ESQ.
Nevada Bar No. 51
ALEXANDER SMITH, ESQ.
Nevada Bar No. 15484
GERALD I. GILLOCK & ASSOCIATES
428 South Fourth Street
Las Vegas, NV 89101
Telephone: (702) 385-1482
Facsimile: (702) 385-2604
gillock@gmk-law.com
asmith@gmk-law.com

TIMOTHY R. O'REILLY, ESQ.
Nevada Bar No. 8866
TIMOTHY O'REILLY, CHTD.
325 S. Maryland Parkway
Las Vegas, Nevada 89101
Telephone: (702) 382-2500
Facsimile: (702) 384-6266
E-Mail: efile@oreillylawgroup.com

SAMUEL MIREJOVSKY, ESQ.
Nevada Bar No. 13919
ASHLEY M. WATKINS, ESQ.
Nevada Bar No. 13981
SAM & ASH, LLP
1108 S. Casino Center
Las Vegas, Nevada 89104
Telephone: (702) 820-4000
Facsimile: (702) 820-4444
Attorneys for Plaintiff

## DISTRICT COURT, CLARK COUNTY, NEVADA

| Plaintiff / Petitioner:<br>JASON HART | Case No: A-22-855716-C<br>Department 4 |
|---|---|
| Defendant / Respondent:<br>DGL GROUP LTD., a New Jersey Corporation; AMAZON.COM SERVICES LLC, a Delaware Corporation; and ROE CORPORATIONS I through X, inclusive, | AFFIDAVIT/DECLARATION OF SERVICE AMAZON.COM SERVICES LLC |

I, Michelle Harris, R-2019-09792, being duly sworn, or under penalty of perjury, state that at all times ///

///

///

relevant, I was over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents. That on Wed, Aug 03 2022 at 10:36 AM, at the address of 112 N CURRY ST, within CARSON CITY, NV, the undersigned duly served the following document(s): SUMMONS; COMPLAINT FOR STRICT PRODUCTS LIABILITY, NEGLIGENCE, AND BREACH OF WARRANTY in the above entitled action upon AMAZON.COM SERVICES LLC, by then and there, personally delivering 1 true and correct copy(ies) of the above documents into the hands of and leaving same with CORPORATION SERVICE COMPANY, REGISTERED AGENT by leaving with KRIS OSBORNE, PER NEVADA REVISED STATUTE 14.020 2. as a person of suitable age and discretion at the address above, which address is the most recent street address of the registered agent shown on the information filed with the Secretary of State pursuant to chapter 77 of NRS.

I declare under penalty of perjury under the law of the State of Nevada that the foregoing is true and correct. No Notary is Required per NRS 53.045.

**Date:**   08/05/2022

_Michelle Harris_

Michelle Harris, R-2019-09792

ACE Executive Services, LLC (NV #2021C)
8275 S EASTERN AVE STE 200
LAS VEGAS, NV 89123
702-919-7223
Job: 7437054 (Hart Case)